IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICK BROWN
BOP Inmate No. 46398-424,
    Petitioner,

vs.                                        Case No.:  3:20cv2693/MCR/EMT

WARDEN JOSEPH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Rick Brown ("Brown"), proceeding pro se, commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). He subsequently filed an amended petition (ECF No. 4). On behalf of Respondent Warden Joseph, the U.S. Attorney's Office ("the Government") filed a motion to dismiss for failure to exhaust administrative remedies, with supporting evidentiary materials (ECF No. 10, attachments). Brown responded in opposition to the motion to dismiss (ECF No. 12).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the petition should be denied.

I. BACKGROUND

Brown was convicted in the United States District Court for the Northern District of Illinois, Case No. 1:13-cr-00854, of seven counts of Conspiracy to Execute a Scheme to Defraud a Health Care Benefit Program, in violation of 18 U.S.C. §§ 1347, 1349 (Counts 1–7), one count of Falsifying a Matter Involving a Health Care Benefit Program, in violation of 18 U.S.C. § 1035(a)(1) (Count 8), and two counts of Providing False and Fraudulent Statements Involving a Health Care Benefit Program, in violation of 18 U.S.C. § 1035(a)(2) (Counts 9 and 10) (*see* Mot. to Dismiss, Attach. 3, Judgment in a Criminal Case, ECF No. 10-2).  On September 4, 2015, the district court sentenced Brown to a total term of 87 months in prison followed by a total term of 2 years of supervised release (*see id.*).  The court ordered Brown to surrender to the BOP on November 3, 2015 (*see id.*).

In Brown's amended § 2241 petition, he presents the following claim:

"Ground one:  FSA violations failure [sic] to apply over 60 relief.

BOP refuses to calculate the time served factors with the good time as outlined in the Credits statute, and the FSA 66.66% provisions."

(Amend. Pet., ECF No. 4 at 3).

The Government filed a motion to dismiss the amended petition for failure to exhaust administrative remedies (Mot. to Dismiss, ECF No. 10).  The Government

contends the BOP calculated Brown's Good Conduct Time ("GCT") sentence credit in accordance with the First Step Act ("FSA"); and Brown has not sought review of that calculation through the BOP's multi-stage administrative grievance process, provided in 28 C.F.R. §§ 542.10–19, prior to filing his habeas petition (*see id.* at 3–4). The Government contends the amended habeas petition should be dismissed without prejudice to Brown's filing a new habeas action upon completion of the administrative grievance process (*id.* at 4–5).

In Brown's response to the motion to dismiss, he contends exhaustion is "overridden by a person's right to Constitutional protections" (*see* Resp. to Mot. to Dismiss, ECF No. 12 at 2). Brown contends he should be transferred from FPC-Pensacola to home detention/confinement due to his age (over 60) and because he is at risk of contracting Covid-19 due to "the B.O.P.'s inability to provide the federally mandated 'social distancing' . . . ." (*see* Resp. to Mot. to Dismiss, ECF No. 12; Pet.'s Emergency Mot. for Relief, ECF No. 8).

II.   DISCUSSION

A § 2241 petition may properly proceed where the petitioner challenges the execution of his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that challenges to the execution of a sentence are cognizable under § 2241). However, the petitioner must exhaust available

Page 4 of 12

administrative remedies before he may obtain relief in federal court. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). Contrary to the Government's assertion, the exhaustion requirement in § 2241 cases is not jurisdictional (*see* Mot. to Dismiss, ECF No. 1 at 1); rather, it is an affirmative defense. *See Santiago-Lugo*, 785 F.3d at 475.

Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and altered the availability of good-time credit for federal inmates. It provides, in relevant part:

> **(b) Credit toward service of sentence for satisfactory behavior.—**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation

> Reform Act [April 26, 1996] shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b)(1)–(2) (footnote omitted).

Because the BOP is responsible for determining sentence credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (internal quotation marks omitted). Only after the exhaustion of administrative remedies may a claim for sentence credit be brought under § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. *See* 28 C.F.R. § 542.10–542.15. Initially, prisoners must seek resolution of issues through informal grievances. 28 C.F.R. § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the warden of his institution on the BP-9 form. 28 C.F.R. §§ 542.13(a), 542.14. An inmate who is not satisfied with the warden's response may appeal to the Regional Director on

the BP-10 form. 28 C.F.R. § 542.15. The appeal must be submitted within 20 calendar days of the date the warden signed the response. *Id.* An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel for the BOP on a BP-11 form within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15.

On August 23, 2019, after the effective date of the FSA's sentence credit provisions, the BOP prepared a sentence computation for Brown based upon the 87-month term of imprisonment, commencing on November 3, 2015 (the date he surrendered to the BOP), applying one day of jail credit (the day Brown was arrested and released on bond), and fully expiring on February 1, 2023 (*see* Mot. to Dismiss, ECF No. 10 at 3, Attach. 4, sentence computation, ECF No. 10-2 at 22–25; *see also* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 1–2). The BOP updated Brown's Good Conduct Time ("GCT") credits pursuant to the FSA (*see* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 2). Brown was projected to earn 391 days of GCT on his 87-month sentence (54 days x 87 months (or 7.25 years) = 391) (*see id.*). On November 14, 2015, Brown received a GCT disallowance of 7 days for a disciplinary infraction (*see* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 2–3; Mot. to Dismiss, Attach. 5, Inmate Discipline Data, ECF No. 10-2 at 26–27). This reduced

his **earned and projected** GCT to 384 days (*see* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 2–3; Mot. to Dismiss, Attach. 4, sentence computation, ECF No. 10-2 at 25). As of April 7, 2020, Brown had **actually earned** 209 GCT, but his total GCT will be 384 so long as he does not receive additional disallowances (*see* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 2–3). Brown is currently scheduled for release, via GCT release, on January 13, 2022 (*id.*).

According to the BOP's Administrative Remedy records, as of April 7, 2020 (two months **after** Brown commenced this habeas action), Brown had not filed any administrative remedies at any level regarding his GCT computation (*see* BOP Sentence Computation Summary for Habeas Petition, ECF No. 10-1 at 2; Mot. to Dismiss, Attach. 6, administrative remedy records, ECF No. 10-2 at 28–30). The only administrative remedies Brown has filed during his imprisonment relate to disciplinary proceedings, requests to transfer to a different institution, and a complaint regarding commissary availability (*see* Mot. to Dismiss, Attach. 6, administrative remedy records, ECF No. 10-2 at 30).

Brown does not dispute that he did not exhaust the BOP's available administrative remedies. Because there is no dispute that Brown did not exhaust his administrative remedies, and the BOP's records demonstrate he did not, Brown's

challenge to the BOP's computation of his GCT could be dismissed without prejudice to his filing a new habeas petition after he complies with the exhaustion requirement.

Notwithstanding Brown's failure to exhaust, his challenge to the BOP's GCT computation is without merit. The documents submitted by the Government demonstrate that the BOP calculated Brown's GCT in accordance with the First Step Act. Therefore, he is not entitled to habeas relief on this claim.

Brown's amended § 2241 petition also references the BOP's "failure to apply over 60 relief" under the FSA (*see* Amended Pet., ECF No. 4 at 3). Brown seeks release from FPC-Pensacola to home detention/confinement, pursuant to the FSA's elderly offender provisions, and contends his continued confinement at FPC-Pensacola places him at risk of contracting COVID-19 due to the BOP's alleged inability to provide social distancing (Pet.'s Emergency Mot. for Relief, ECF No. 8 at 1; Resp. to Mot. to Dismiss, ECF No. 12 at 2). In an apparent attempt to show he exhausted his request for placement on home confinement, Brown attached a request he submitted to Warden Joseph on March 13, 2020 (**after** Brown commenced this habeas action) (*see* Pet.'s Emergency Mot. for Relief, ECF No. 8 at 2–3). Brown requested placement in home confinement because of his age (63 years old), history of respiratory illness, lack of prior criminal history or history of violence,

classification as a minimal risk of recidivism, and risk of becoming infected with COVID-19 (*see id.*). Brown stated he had already submitted a request for home confinement to the Unit Team (*id.*).[1] Warden Joseph responded to Brown's request within 30 minutes, stating:

> As with any infectious disease, we are using a comprehensive approach to manage its response, which includes screening, testing, appropriate treatment, prevention, education, and infection control measures. We are following guidelines from the Centers for Disease Control (CDC) and the World Health Organization (WHO). We have contingency plans in place to address a large range of concerns, to include infectious diseases, and are fully equipped to implement these plans as necessary.

(*see* Pet.'s Emergency Mot. for Relief, ECF No. 8 at 3).

The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, requires the Attorney General to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing [them] on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). In executing the program, the Second Chance Act provides that "the Attorney General **may** release some or all

---

[1] The BOP's website states that an inmate may initiate a request for placement in the Second Chance Act home confinement pilot program by submitting a request to his or her Unit Team. *See* https://www.bop.gov/inmates/fsa/faq.jsp (click "Second Chance Act Home Confinement Pilot," then click "What is the Second Chance Act Home Confinement Pilot program?").

eligible elderly offenders . . . upon written request from either the [BOP] or an eligible elderly offender." *Id.* § 60541(g)(1)(B) (emphasis added).

The FSA amended aspects of the Second Chance Act relating to the fiscal years during which the program was to be carried out and the criteria for eligibility for removal for "elderly offenders." Pub. L. No. 115-391, §§ 504, 603, 132 Stat. 5194. The Eleventh Circuit held, albeit in an unpublished opinion, that "the Second Chance Act does not authorize a federal court to order the BOP to release a prisoner—the Act only states the Attorney General '*may*' release eligible elderly offenders." *United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. 2020) (citing 34 U.S.C. § 60541(g)(1)(B)) (emphasis in original) (unpublished but recognized as persuasive authority). The Eleventh Circuit further stated, "the Second Chance Act makes no mention of federal courts and does not grant any authority to the federal courts." *Id.* at 732.

Following this guidance, the undersigned concludes that the federal court does not have authority to grant Brown the relief he seeks, i.e., an order requiring the BOP to release him on home confinement under the FSA's elderly offender provisions.

As a final matter, Brown's request for relief from the conditions at FPC-Pensacola (i.e., the alleged lack of social distancing) is moot. According to the BOP's inmate locator, Brown is no longer incarcerated at FPC-Pensacola—he is

Case No.: 3:20cv2693/MCR/EMT

now in a residential re-entry placement (either in a residential reentry center or on home confinement) in Chicago, Illinois. Because the court no longer has the ability to grant Brown meaningful relief on his request for release from FPC-Pensacola to a residential setting, his challenge to the conditions at FPC-Pensacola is moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.") (citation omitted).

III.  CONCLUSION

Brown has not demonstrated that the BOP failed to calculate his GCT in accordance with the FSA. To the extent Brown challenges the BOP's denial of his request for placement on home confinement pursuant to the elderly offender pilot program, the court is not authorized to order the BOP to place him in the program. And to the extent Brown seeks release from FPC-Pensacola to a residential placement, his request is moot. Brown is not entitled to federal habeas relief; therefore, his amended petition should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DENIED**.

2. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida this 30th day of June 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**